UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MING FANG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 4:16-cv-02042-LSC-SGC |
| ) | |
| DAVID D. RIVERA, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

On May 12, 2017, the magistrate judge entered a report (Doc. 9) recommending the amended petition for a writ of *habeas corpus* (Doc. 4) filed by Petitioner Ming Fang ("Petitioner") be denied without prejudice. The parties were given fourteen (14) days to respond to the magistrate judge's report and recommendation. On May 26, 2017, Petitioner filed an objection. (Doc. 10).

Petitioner objects to the magistrate judge's finding that his petition is premature. (*Id*. at 3). Petitioner points out he has now been detained beyond the presumptively reasonable six-month detention period. (*Id*.). Petitioner also states he has met his burden of proof because to state a due process claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), he is not required to offer anything more than the absence of travel documents. That is, he contends the bare fact that Respondents have not yet obtained travel documents for him constitutes "good reason to believe there is no substantial likelihood of removal in the reasonably foreseeable future." (*See* Doc. 10 at 4); *Zadvydas*, 533 U.S. at 700.

The magistrate judge found the delay in issuing Petitioner's travel documents has been due, at least in part, to Petitioner's own refusal to provide the information necessary for obtaining those documents. (Doc. 9 at 4). The magistrate judge found his petition was,

1

therefore, due to be dismissed as premature. (*Id.*). Further, the magistrate judge found Petitioner had produced no evidence to support his contention that removal was not substantially likely in the reasonably foreseeable future. (*Id.* at 4-5).

The court finds Petitioner contributed to the delay of his own removal by refusing to cooperate with ICE's efforts to remove him. "Although not expressly stated, the Supreme Court appears to view the [presumptively reasonable] six-month period [under *Zadvydas*] to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.2d 1050, 1052 (11th Cir. 2002). The six-month period must have expired at the time the petition is filed. *Id.* Accordingly, Petitioner's objection that the six-month period has *now* expired is unavailing. Petitioner's claim was premature at the time he filed this action, and as such, it is due to be dismissed. *Guo Xing Song*, 516 Fed. App'x 894, 899 (11th Cir. 2013) (affirming dismissal of petition based upon *Zadvydas* claim because the petition was premature at the time it was filed).

The court further finds that even if Petitioner's claim were not premature, he has failed to meet his burden of proof. Petitioner cites no authority in support of his position that the absence of travel documents is evidence no travel documents are forthcoming. Further, he offers no other basis for finding these documents will not be issued in the near future. Because Petitioner bears the burden of this showing, he has failed to support his claim.

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** the report of the magistrate judge and **ACCEPTS** her recommendations. In accordance with the recommendation, the court finds the amended petition for a writ of *habeas corpus* (Doc. 4) is due to be denied without prejudice.

A separate order will be entered.

**DONE** AND **ORDERED** ON JUNE 6, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704